UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA M. ASANI,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,[1]<br><br>    Defendant. | Case No. CV 13-0032 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

    Lisa Asani ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for supplemental security benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 3-11.) The Court addresses – and rejects – Plaintiff's contentions below.

---

   [1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here the ALJ provided at least three valid reasons in support of his credibility determination.

First, the ALJ noted that the objective medical evidence does not support the degree of disability alleged by Plaintiff. (Administrative Record ("AR") at 29.) Notably, the findings of the State agency review psychiatrists and psychological consultative examiners Kara Cross, Ph.D. and Michael E. Kania, Ph.D. contradict Plaintiff's subjective complaints. (*Id*. at 31-32.) In particular, the psychiatrists assessed that Plaintiff did not have a severe impairment. (*Id.* at 32.) Dr. Cross, for her part, opined that Plaintiff appeared to be exaggerating, or perhaps making up symptoms, as she acted differently in the waiting room than she did in the examination room. (*Id.* at 31, 369.) And, Dr. Kania found moderate limitations despite Plaintiff's complaints of severe psychiatric symptoms. (*Id*.) The ALJ further noted that there was no treating source opinion in Plaintiff's initial evidence or in her post-decision submission that suggested more restrictive functional limitations than those assessed by Drs. Cross and Kania. (*Id.* at 320, 439-40); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistency with objective evidence, when combined with other factors, can be a valid reason for rejecting a claimant's testimony).

Second, the ALJ properly considered the extent of Plaintiff's daily activities to conclude that her depression was not disabling. (AR at 29.) Plaintiff reported that she cooked, cleaned, and did laundry every day while living on her own in a sober living facility. (*Id.* at 29, 234.) Upon her release, Plaintiff moved in with her parents, where she resides through the present day, and continues to accomplish the

1  same tasks.  (*Id.* at 30, 206.)  And, despite asserting in a function report that she
2  feared going out alone, Plaintiff uses public transportation to shop for food on a
3  weekly basis.  (*Id.* at 235.)  Plaintiff also stated that she is capable of handling
4  money.  (*Id.*); *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 ("normal
5  activities of daily living, including cooking, house cleaning, doing laundry and
6  helping husband manage finances" supported the ALJ's credibility determination).

7  While Plaintiff disagrees with the ALJ's interpretation of her daily activities,
8  the ALJ's conclusion was reasonable in light of the lack of objective evidence to
9  support Plaintiff's claim of *greater* restrictions.  *See Burch v. Barnhart*, 400 F.3d
10 676, 680-81 (9th Cir. 2005) ("Although the evidence of [the claimants] daily
11 activities may also admit of an interpretation more favorable to [her], the ALJ's
12 interpretation was rational and '[w]e must uphold the ALJ's decision where the
13 evidence is susceptible to more than one rational interpretation.'").

14 Third, the ALJ observed that Plaintiff pursued a conservative treatment plan.
15 (AR at 30.)  Plaintiff's treatment records indicate that her depression was
16 reasonably controlled and her symptoms were stable when she complied with her
17 prescribed medication regimen.  (*Id.* at 30-31, 315, 318-19, 386, 442-44.)  For
18 example, even though Plaintiff was voluntarily hospitalized twice, she was not
19 taking her medications and she was using illegal drugs in the weeks preceding each
20 incident.  (*Id.* at 30.)  Indeed, over the course of her hospitalizations, Plaintiff was
21 restarted on her medications and her mental status was stable upon discharge.  (*Id.*);
22 *see Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989) (conservative treatment can
23 discount the severity of a claimant's symptoms); *Warre v. Comm'r of Soc. Sec.*, 439
24 F.3d 1035, 1039 (9th Cir. 2006) ("Impairments that can be controlled effectively
25 with medication are not disabling for the purpose of determining SSI benefits.").

26 Accordingly, the Court finds that substantial evidence supported the ALJ's
27 determination that Plaintiff was not disabled.  *See Mayes v. Massanari*, 276 F.3d
28 453, 458-59 (9th Cir. 2001).

1   Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered
2   **AFFIRMING** the decision of the Commissioner denying benefits.

4   Dated: September 27, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

4